UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KIMBERLY SEAMAN and )
RAYMOND SEAMAN, )
                                                          )
            Plaintiffs, )
                                                          )        No. 3:10-CV-44
                                                          )        (GUYTON)
V. )
                                                          )
GRADY HOWELL COOPER, II, )
                                                          )
            Defendant. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 6]. Now before the Court is the Defendant's Motion for Partial Summary Judgment [Doc. 15], to which the Plaintiffs have responded in opposition [Doc. 17]. The parties appeared before the Court on November 8, 2010, to address this motion. Attorney Farrell Levy was present representing the Plaintiffs, and Attorney Adam Rust was present representing the Defendant.

**I.    BACKGROUND**

The Plaintiffs allege the following. On May 25, 2008, Kimberly Seaman, her husband, and their son were riding motorcycles on a portion of U.S. Highway 129 in Blount County, Tennessee, known as "the Dragon." Ms. Seaman was riding at the end of their party. The Defendant was driving behind Ms. Seaman, and he decided to make an "E-Turn," which is alleged to consist of turning one's steering wheel and immediately pulling the emergency break to produce a U-turn effect. Ms. Seaman perceived that the Defendant either did or was going to hit her, and she took her

motorcycle off the road into a roadside ditch. When she attempted to return to the road, the motorcycle went down and skidded to a stop. [Doc. 1 at ¶¶ 4-5 and Doc. 24 at 2].

Based upon these allegations, the Plaintiffs maintain that the Defendant is liable for various personal injuries based upon theories of negligence and negligence per se. The Plaintiffs maintain that the Defendant acted recklessly and that they are, therefore, entitled to punitive damages. [Doc. 1 at ¶¶ 6-14].

## II.    POSITIONS OF THE PARTIES

In Defendant's Motion for Partial Summary Judgment [Doc. 15], the Defendant argues that summary judgment should be granted in his favor on the Plaintiffs' punitive damages claims. In support of this position, the Defendant notes that: the Plaintiffs are unsure whether the Defendant even made contact with Ms. Seaman or her vehicle; the Plaintiffs confirmed in their depositions that the Defendant did not act intentionally; and the investigating officer with the Tennessee Highway Patrol did not cite the Defendant for any traffic violations. [Doc. 15-1 at 4-5]. The Defendant maintains that these undisputed material facts establish that the Defendant did not engage in intentional, malicious, fraudulent, or reckless conduct, as is required for a punitive damages award. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992).

The Plaintiffs respond [Doc. 17] that there are genuine issues of material facts as to whether the Defendant engaged in an act of recklessness that caused injury to the Plaintiffs. See Hodges, 833 S.W.2d at 901 ("A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.") Specifically, the Plaintiffs argue that there are genuine issues of material fact as to the speed that the Defendant was traveling, how close his vehicle came to Ms. Seaman's motorcycle, whether the

vehicles made contact, and whether the execution of a E-Turn under the circumstances was reckless. [Doc. 17 at 14].

### III. STANDARD OF REVIEW

The granting of a motion for summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The burden of establishing there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court must determine whether sufficient evidence has been presented to make the issue of fact a proper jury question, but the Court is not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Id. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial–in other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

## IV. ANALYSIS

The Defendant, essentially, argues that poor judgment is not enough to allow a jury to award punitive damages in this case. After reviewing the facts of this case, the Court finds that the jury could find that the Defendant's actions in this case went beyond an act of poor judgment.

The Court has compared the facts of this case to the facts of numerous other cases applying Tennessee personal injury law and the Hodges framework, or both. The Court finds that the cases in which other courts have granted judgment on punitive damages prior to a verdict are characterized by negligence. See Womack v. Gettelfinger, 808 F.2d 446 (6th Cir. 1986) (reversing award of punitive damages where a truck driver turned onto a highway in dense fog causing an accident); Leap v. Malone, 106 F.3d 401 (Table) (6th Cir. 1996) (affirming the district court's granting of directed verdict where a tractor-trailer made a left turn directly in front of another car); Medley v. Garmin, 2008 WL 4449936 (E.D. Tenn. September 29, 2008) (Jordan, J.) (granting summary judgment on punitive damages claim where driver contended he did not see plaintiff's car because of sunlight and plaintiff argued driver was "reckless" in not seeing the car); Anderson v. U.S.A. Truck, Inc., 2008 WL 4426810 (Tenn. Ct. App. 2008) (affirming trial court's directed verdict on punitive damages in a case where truck traveling under 70 mph was not able to stop in time to prevent a collision).

The cases in which judgment has been awarded in the defendant's favor prior to a verdict entail a simple lack of alertness, inattention, or omissions. In contrast, this case presents a scenario in which the driver is alleged to have attempted an illegal turn via a potentially dangerous maneuver. The Court cannot say that, as a matter of law, a jury could not find that the Defendant was reckless in so doing.

Moreover, certain facts which remain in dispute — such as the speed at which the Defendant was traveling and how close the Defendant's vehicle came to Ms. Seaman's vehicle — may be material to the jury's determination of whether the Defendant was reckless.

Thus, the Court finds there are genuine issue of material fact outstanding in this matter and that the Defendant is not entitled to judgment as a matter of law, <u>see</u> Fed. R. Civ. P. 56. The Court will deny the Defendant's Motion for Partial Summary Judgment. However, as the Court noted at the hearing, the Court will not foreclose the Defendant from moving for judgment as a matter of law on this issue at the close of the Plaintiffs' proof pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

Based upon the foregoing, the Defendant's Motion for Partial Summary Judgment **[Doc. 15]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge